1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW WESLEY,

11                Plaintiff,                    No. CIV S-10-0133 GGH P

12        vs.

13   J. WALKER, Warden, et al.,

14                Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.05 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4              The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17             A complaint must contain more than a "formulaic recitation of the elements of a

18   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20   "The pleading must contain something more...than...a statement of facts that merely creates a

21   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

23   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

24   v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

25   570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

26   /////

2

1  that allows the court to draw the reasonable inference that the defendant is liable for the

2  misconduct alleged." Id.

3      In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7  1843 (1969).

8      As individual defendants, plaintiff names the following: Dr. Raming; Dr. Babrah;

9  Warden J. Walker; Sergeant (Sgt.) Blackburn; Correctional Officer (C/O) Larusso.  To the extent

10  that plaintiff seeks to name "New Folsom Officers" or "Medical Staff for Mental Illness"

11  generically as defendants, these so-called defendants must be dismissed because no individual is

12  identified upon which a complaint could be served.

13      Plaintiff alleges that he has been housed in California State Prison-New Folsom

14  since December 2004, and since the beginning of 2005, he has been subjected to various

15  deprivations of his constitutional rights, including physical and mental abuse, having been denied

16  food and "yanked in triangle cuffs," as well as given an "unknown medical shot" and placed

17  illegally in the SHU [security housing unit].  Complaint, p. 3.

18      Plaintiff claims that defendant Walker has had plaintiff placed in SHU illegally

19  before plaintiff was given a CDC 115 hearing or found guilty, but plaintiff does not state when

20  this occurred or for how long.  Complaint, p. 4.  Plaintiff also claims that, apparently while he

21  was in SHU, he was subjected to excessive force by six officers whose names he does not know,

22  stating that these unidentified individuals put him in a triangle chain, yanking his hands until they

23  bled.  Id.  He does not provide any information as to when this incident occurred or the

24  circumstances surrounding it.  Plaintiff then alleges that he was denied food by defendant

25  Larusso as well as other unnamed staff (id.), again without saying when or for how long a period

26  of time this occurred.

3

1        Plaintiff alleges that when he was in his cell in May-June of 2009, defendants

2   Raming, Barbrah and Blackburn "conspired to send" him "to a suicidal ward," tricking him out

3   of his cell, even though plaintiff claims he never said anything about harming himself.

4   Complaint, p. 4.  Defendant Blackburn allegedly told plaintiff he was to be x-rayed for T.B. but

5   instead plaintiff was put in a "suicide [] hospital."  Id.  Apparently, at some point defendant

6   Larusso and two unidentified staff members cuffed plaintiff while plaintiff was in a medical unit

7   for mental illness, giving him "a shot of unknown substance," without plaintiff's permission "or

8   a Keyhea order."  Id.

9        Plaintiff claims to have been denied food for a couple of days while in the suicide

10   ward, but he does not say by whom (complaint, pp. 4-5)(it is unclear whether this is the conduct

11   he mentioned earlier which he ascribed to defendant Larusso and unnamed others, or a separate

12   incident).  Plaintiff also alleges without providing any information as to when this occurred or on

13   what occasion(s) it may have occurred, that unnamed staff have, for no apparent reason, sprayed

14   him illegally.  Id., at 5.

15        Plaintiff apparently seeks money damages ("just payments for the evil this prison

16   staff [has] done") and relief in the form of staff resignations.  Complaint, p. 3.

17        To the extent that plaintiff seeks to allege a due process violation against

18   defendant Walker for his alleged "illegal" placement of plaintiff in SHU before he had a

19   disciplinary hearing, he has failed to do so.  The Ninth Circuit has made clear that:

20        [u]nder Sandin,[1] a prisoner possesses a liberty interest under the
         federal constitution when a change occurs in confinement that
21        imposes an "atypical and significant hardship ... in relation to the
         ordinary incidents of prison life." 515 U.S. at 484, 115 S.Ct. 2293.
22        In this case, Plaintiff has failed to establish a liberty interest
         protected by the Constitution. That is so because Plaintiff has not
23        alleged that his confinement, whether administrative or
         disciplinary, presented "the type of atypical, significant deprivation
24        [that] might conceivably create a liberty interest." Id. at 486, 115
         S.Ct. 2293. The Court in Sandin relied on three factors in
25

26        [1] Sandin v. Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995).

4

determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) the length of the plaintiff's sentence was not affected. Id. at 486-87, 115 S.Ct. 2293.

Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000).

In this case, as with the plaintiff in Resnick, supra, "there is no allegation that Plaintiff's segregation in the SHU was materially different from those conditions imposed on inmates in purely discretionary segregation." Id.  Further, plaintiff does not allege "that the conditions in the SHU, compared with conditions in the general population, created 'a major disruption' in Plaintiff's environment." Id.  Nor is there any claim the length of plaintiff's sentence has been affected.  Id.  Plaintiff's claim of a violation of due process by defendant Walker for his "illegal" placement in the SHU will be dismissed but plaintiff will be granted leave to amend.

As to his claims of excessive force regarding his chained hands having been yanked, these claims must be dismissed because plaintiff does not identify the six officers he claims were involved, but plaintiff will be granted leave to amend.  The same applies to plaintiff's claims of having been illegally sprayed by unidentified parties.

Plaintiff claims that defendant Larusso at some point denied him food and that he was involved in plaintiff's having received an "unknown medical shot."  Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)  While plaintiff's claims regarding defendant Larusso may be colorable, the claims will be dismissed for plaintiff to provide more context, i.e., plaintiff must set forth more precisely the circumstances of these claims, that is, when he was denied food by defendant Larusso (and any other individual that he

1   can identify as a defendant) and for how long; as to the shot he received, he must state when this

2   occurred, providing more information as to when and how the shot was forced upon him by

3   defendant Larusso (and any other defendant who is named) and at least what the purported

4   purpose of the shot was.  These claims will be dismissed with leave to amend.

5           As to his claims of conspiracy against defendants Raming, Barbrah and

6   Blackburn, these allegations are not colorable.  To make a cognizable claim of conspiracy,

7   plaintiff must make some showing of an agreement or a meeting of the minds on the part of

8   defendants to violate his constitutional rights.  Woodrum v. Woodward County, 866 F.2d 1121,

9   1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).  Conspiracy allegations

10  must be supported by material facts and not be merely conclusory statements.  Lockary v.

11  Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).  Moreover, to the extent that he claims that his

12  being taken to a hospital was illegal, plaintiff does not show an actual deprivation of his

13  constitutional rights resulting from the alleged conspiracy.  Woodrum, supra, citing Singer v.

14  Wadman, 595 F. Supp. 188 (D. Utah 1982) ("conspiracy allegation, even if established, does not

15  give rise to liability under § 1983 unless there is an actual deprivation of civil rights").  The

16  claims against these defendants will be dismissed, but plaintiff will be granted leave to amend.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

23  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

24  vague and conclusory allegations of official participation in civil rights violations are not

25  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  \\\\\

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

10    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

11  Plaintiff is assessed an initial partial filing fee of $ 1.05.  All fees shall be collected and paid in

12  accordance with this court's order to the Director of the California Department of Corrections

13  and Rehabilitation filed concurrently herewith.

14    3.  The complaint is dismissed for the reasons discussed above, with leave to file

15  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

16  file an amended complaint will result in a recommendation that the action be dismissed.

17  DATED: April 30, 2010

18

19    /s/ Gregory G. Hollows

20    _____
     GREGORY G. HOLLOWS
     UNITED STATES MAGISTRATE JUDGE

21

22  GGH:009
    wesl0133.b

23

24

25

26